McDONALD, J.,
dissenting, in which ADKINS, J., joins.
As the Majority opinion notes, the trial judge followed this Court’s precedent in conducting the voir dire examination. Majority op. at pp. 369-70 n. 6, 86 A.3d at 1243 n. 6. But it seems odd to couple that conclusion with a holding that the judge abused his discretion. Id. Perhaps what the Majority means to say is that our precedent led the trial judge astray. But I would not agree with that conclusion and would not reverse the conviction in this case on that ground.
Having said that, I agree with the sentiment expressed by Judge Harrell in his concurring opinion that we should join the vast majority of other states and provide for the pre-trial examination of prospective jurors to include questions, within the discretion of the trial court, that might be more relevant to the exercise of peremptory strikes than challenges for cause. But, as in other states,[1] that can be done by a rule that *372 operates prospectively instead of a court decision with retroactive effect that may result in overturning a conviction in a case in which the trial judge carefully adhered to our precedent and in which the defendant received a fair trial before an impartial jury.
Judge ADKINS joins this opinion.

. See, e.g., Arizona Rule of Criminal Procedure 18.5(e); Delaware Superior Court Standards Relating to Juror Use and Management, Standard 7; Washington Superior Court Criminal Rule 6.4(b). In some states, courts have adopted model voir dire questions or provided examples for specific types of cases for the guidance of trial courts. See, e.g., New Jersey Rules of Court, Directive 4-07. Jury Selection— Model Voir Dire Questions.